IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 09-cv-01661-PAB-KLM

SIRRLOVE WILLIAMS,

    Plaintiff,

v.

PURDY, D/S,
DUNN, D/S, and
RONERO, Sgt. also known as Sgt. Romero,

    Defendants.

## ORDER

This matter comes before the Court on plaintiff Sirrlove Williams's Motions to Reopen Case [Docket Nos. 42, 43].[1]  Defendants filed responses.  Docket No. 46, 51.

### I.  BACKGROUND

On July 14, 2009, Mr. Williams filed this case alleging that defendants violated his constitutional rights while he was an inmate at the Denver Detention Center.  *See* Docket No. 3.  Mr. Williams and defendants agreed to resolve all of Mr. Williams's claims against defendants, including the claims in this case and three related cases.[2]  *See Williams v. Diggins,* Case No. 08-cv-00667-PAB-KLM, Docket No. 156-1 (D. Colo.

---

[1] Because plaintiff is proceeding pro se, the Court construes his filings liberally without acting as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Mr. Williams's related cases are *Williams v. Diggins,* Case No. 08-cv-00667-PAB-KLM; *Williams v. Pugliese*, Case No. 09-cv-01785-PAB-KLM; and *Williams v. Sours*, Case No. 09-cv-01786-PAB-KLM.

Nov. 21, 2016).  As part of the agreement, defendants agreed to pay Mr. Williams's filing fees.  *Id.* at 2.  The parties filed a stipulation for dismissal of this action with prejudice.  Docket No. 39.  This case was terminated on May 13, 2010.  Docket No. 40.

## II.  ANALYSIS

Mr. Williams seeks to reopen this case.  Although the reasons that Mr. Williams seeks to reopen this case are not clear, he apparently believes that defendants did not pay all of Mr. Williams's filing and court fees pursuant to the settlement agreement.  *See* Docket No. 42 at 1-2; Docket No. 43 at 1.  Furthermore, Mr. Williams seeks to reopen this case so that he can bring new constitutional claims arising out of conduct that occurred after this case was closed.  *See* Docket No. 42 at 2; Docket No. 43 at 2.  For instance, he alleges that, "[i]n 2016 when capt. Romero saw me on the elevator he had an officer change from a blue uniform to red a[nd] sent me to max housing."  Docket No. 42 at 2.  Mr. Williams filed a "notice of violation of stipulation or injunction," where he alleges that defendants did not pay his court fees and alleges that jail personnel engaged in further misconduct.  *See* Docket No. 47.  He alleges that "on 06-05-2025 officers at Arapahoe Sheriffs Dept. de[c]ided to punish me for filing grievances and lawsuits."  *Id*. at 3.

The Court does not have jurisdiction over the pleadings that Mr. Williams filed after May 13, 2010.  Pursuant to the settlement agreement, all claims in this case were dismissed with prejudice on May 13, 2010.  Docket No. 39.  The Court did not retain jurisdiction over the case.  Therefore, the Court cannot adjudicate claims that arise out of the alleged breach of the settlement agreement.  *See Morris v. City of Hobart,* 39 F.3d 1105, 1110-11 (10th Cir. 1994) ("Without reservation by the court, ancillary

2

jurisdiction is unavailable to enforce a settlement agreement; there must be an independent basis for federal jurisdiction."); *Comi Invs., LLC v. Kiss Indus., LLC*, No. 20-cv-00790-DDD, 2024 WL 3797320, at *1 (D. Colo. Mar. 8, 2024) ("Unless the court *expressly* retains jurisdiction over enforcement of a settlement agreement in a dismissal order, the court may not exercise such jurisdiction after the case has closed.") (citing *Morris*, 39 F.3d at 1110 and *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 379-80 (1994)).

To the extent that Mr. Williams seeks to reopen this matter to bring new constitutional claims, Mr. Williams has failed to identify a basis for him to do so. The Court construes Mr. Williams's filings as an attempt to re-open this matter pursuant to Fed. R. Civ. P. 60(b)(6). Rule 60(b)(6) states that relief after judgment is only appropriate based on "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Rule 60(b) relief is "extraordinary and may only be granted in exceptional circumstances." *The Servants of the Paraclete v. Does*, 204 F.3d 1005, 1009 (10th Cir. 2000).

Under Rule 60(b)(6), a case is not "properly reopened to address wholly new claims that arise from conduct occurring after judgment has been entered." *Diggins,*

3

Case No. 08-cv-00667-PAB-KLM, Docket No. 191 at 3 (D. Colo. Jan. 25, 2017) (citing *Dowell v. Bd. of Educ. of Okla. City Pub. Schs.*, 778 F. Supp. 1144, 1154-55 (W.D. Okla. 1991)). Because Mr. Williams seeks to reopen this case so he can bring new constitutional claims for conduct that occurred after this case was dismissed and has not identified exceptional circumstances that would warrant relief, he is not entitled to relief under Rule 60(b)(6).

Accordingly, the Court will deny Mr. Williams's motions to reopen, Docket Nos. 42, 43, and will deny all other pending motions, Docket Nos. 47-50, 52-53. The Court lacks jurisdiction over this matter. *See Diggins*, Case No. 08-cv-00667-PAB-KLM, Docket No. 191 at 4 ("Because Mr. Williams has not asserted any valid grounds for reopening this matter, his Motions to Reopen are denied. All other pending motions are therefore denied for lack of jurisdiction.") (internal citations omitted).

### III. CONCLUSION

Therefore, it is

**ORDERED** that plaintiff's Motions to Reopen Case [Docket No. 42, 43] are **DENIED**. It is further

**ORDERED** that plaintiff's pending filings [Docket Nos. 47, 48, 49, 50, 52, 53], construed as motions, are **DENIED**.

DATED July 31, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4